UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANIELLE SCOTT,

    Plaintiff,

v.                                CASE NO:
                                  HONORABLE:

COUNTY OF ALLEGAN and BLAIE KACOS #609, in his individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT
OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **DANIELLE SCOTT**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Holland, County of Ottawa, State of Michigan.

2. Defendant County of Allegan is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Blaie Kacos #609 is and/or was a police officer working and/or assigned to the County of Allegan Sheriff Department and at all times mentioned herein were acting under color of law, in his individual and official capacities, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Fennville, County of Allegan, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On April 18, 2017, Plaintiff was arrested by the individual Defendant Kacos for Domestic Violence.

10. That prior to the handcuffing, Plaintiff told Defendant she had a bad wrist and needed to be handcuffed in front.

11. Nevertheless, Defendant handcuffed Plaintiff in the rear tightly which Plaintiff complained about.

12. When putting Plaintiff into the police car, Plaintiff complained that she would not fit in the back of the car with her hands behind her back.

13. That Defendant pushed her into the car causing her injury to her wrists.

14. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

15. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

16. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

17. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

18. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

19. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

20. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for

compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## COUNTY OF ALLEGAN CONSTITUTIONAL VIOLATIONS

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. Defendant County of Allegan acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

23. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise their police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant County of Allegan knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise their police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

24. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

25. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

26. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **s/ Christopher J. Trainor**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI  48386
                                      (248) 886-8650
                                      amy.derouin@cjtrainor.com

Dated:  March 18, 2019
CJT/lvp

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

DANIELLE SCOTT,

    Plaintiff,

v.     CASE NO: 19-CZ
       HONORABLE:

COUNTY OF ALLEGAN and BLAIE KACOS #609, in his individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **DANIELLE SCOTT**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **s/ Christopher J. Trainor**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI  48386
                                      (248) 886-8650
                                      amy.derouin@cjtrainor.com

Dated:  March 18, 2019
CJT/lvp